UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

BINDER SCIENCE, LLC; THOMAS WENTZLER,

Plaintiffs,

-against-

HIG ASSOCIATES LLC; YITZCHOK GANTZ, a/k/a ISAAC GANTZ,

Defendants.

Civ. A. No.:

**COMPLAINT**

Plaintiffs, Binder Science LLC and Thomas Wentzler allege against Defendants, HIG Associates, LLC, and Yitzchok Gantz, a/k/a Isaac Gantz, as follows:

**NATURE OF THE ACTION**

1. This is an action seeking damages for violation of the Texas Deceptive Trade Practices Act, violation of the Texas Theft Liability Act and a Fraudulent Inducement.

2. Plaintiffs are victims of a fraudulent and deceptive financial scheme employed by Gantz, through his shell entity HIG Associates, LLC, to take advantage of a financially desperate, elderly man who was under extreme financial duress to keep the business he founded alive.

3. The fraudulent and deceptive scheme employed by Gantz is as brazen and outrageous as it gets.

4. First, the victim, who was almost eighty years old when first contacted by Gantz, was preyed upon due to his outstanding MCA loans and the financial situation of the company he founded, which was on the verge of bankruptcy.

5. Mr. Wentzler was grasping for any hope possible to keep his business and life's passion alive and away from bankruptcy.

6. Gantz knew of the Plaintiffs' dire financial situation and extremely vulnerable position and used this to their advantage to convince Plaintiffs to enter into a so-called consulting agreement ("Consulting Agreement") on August 2, 2023.

7. Gantz fraudulently induced Plaintiffs to enter the Consulting Agreement by promising that he would assist Plaintiffs in consolidating their MCA debt with various MCA companies and save his business.

8. As of the signing of the Consulting Agreement, Plaintiffs owed tens of millions of dollars in outstanding debt, much of it owed to MCA lenders.

9. Defendants knew how leveraged Plaintiffs were and used Plaintiffs' financial distress to fraudulently induce them into entering the Consulting Agreement.

10. Gantz knew he was never going to assist Plaintiffs with consolidating their debt with various MCA companies and instead orchestrated a scheme to take Plaintiffs' money and run.

11. Defendants never provided any assistance as per the Consulting Agreement.

12. Rather, after Plaintiffs sent Defendants $300,000 for the alleged consulting services that were never performed, Defendants never returned the $300,000, even after Plaintiffs hired two separate attorneys to send demand letters to Defendants.

13. Due to the financial ruin that Plaintiffs were in, on or around July 6, 2024, Binder Science was forced to file for voluntary Chapter 11 bankruptcy due to approximately $32,000,000 of debt, much of which was owed to various MCA lenders.

14. These were the same MCA lenders that Defendants promised they would consult with Defendants on how to lower these debts.

15. Defendants have been left in financial ruin after Defendants' fraudulent and deceptive scheme.

## THE PARTIES

16. Plaintiff, Binder Science, LLC, is a corporation duly organized under the laws of Texas, with its principal place of business located in Willis, Texas.

17. Plaintiff, Thomas Wentzler, is an individual resident and citizen of Texas and Founder and CEO of Binder Science, LLC.

18. Defendant, HIG Associates, LLC, is a limited liability company organized and existing under the laws of the state of Florida. On information and belief, HIG Associates has no legitimate place of business, no assets and no employees. Rather, it is an empty shell used by its sole owner, Defendant Yitzchok Gantz, a/k/a Isaac Gantz, to shelter his fraudulent business activities.

19. Defendant Gantz is a citizen and resident of Far Rockaway, New York.

## JURISDICTION

20. This Court has subject-matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 based on 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the Plaintiffs and Defendants.

21. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred here.

22. Defendants are subject to the personal jurisdiction of this Court because Defendants reside here, regularly transact business within the State of New York, and/or have purposefully availed themselves of the jurisdiction of this Court for the specific transactions at issue.

## FACTUAL BACKGROUND

**A. Binder Science's Business.**

23. Binder Science, founded in 2008, is a manufacturer of proprietary chemical products for the upstream oil and gas industry.

**B. Defendants' Consulting Agreement.**

24. On or around July 2023, Binder Science was solicited by Gantz via an unsolicited cold call, offering MCA consulting services to help Binder Science consolidate its debt with various MCA companies.

25. Gantz informed Plaintiffs that Defendants could provide MCA consulting services for Plaintiffs, assisting them in lowering their debt, in return for the payment of $300,000.00.

26. On or around August 1, 2023, Plaintiffs received the Consulting Agreement from Gantz detailing the MCA consulting services that Defendants were purportedly to provide. **Ex. A.**

27. The "Description of Services" in the Consulting Agreement stated "HIG shall provide help with consolidating the debt with the MCA companies and if needed Attorneys shall be provided as well." *Id.*

28. The "Performance of Services" in the Consulting Agreement stated "[t]he manner in which the Services are to be performed and the specific hours to be worked by HIG shall be determined by HIG. BINDER SCIENCE LLC will rely on HIG to work as many hours as may be reasonably necessary to fulfill HIG's obligations under this Agreement." *Id.*

29. Unfortunately, Defendants did not perform any services on behalf of Plaintiffs.

30. Rather, Defendants simply ghosted Plaintiffs, taking an innocent person's hard-earned money at a time of extreme distress, and running away with it, never to be heard from again.

31. Defendants' actions pushed Plaintiffs even closer to bankruptcy, which Binder Science eventually did on July 6, 2024 with approximately $32,000,000 in outstanding debt.

**C. Defendants Deceptively Defrauded Plaintiffs of $300,000 By Not Providing Any MCA Consulting Services.**

32. Defendants failed to provide any MCA consulting services at all.

33. Despite failing to provide the MCA consulting services per the Consulting Agreement, Defendants ran away with Plaintiffs' $300,000.

34. Despite multiple demands by Plaintiffs and multiple letters sent by two different attorneys in 2023 and 2025, Defendants have provided no response or justification for their failure to perform the contractual duties under the Consulting Agreement. **Ex's B and C.**

**FIRST CAUSE OF ACTION**
**(Violation of Texas Deceptive Trade Practices Act)**
**Tex. Bus. & Com. Code §17.41**

35. Plaintiffs repeat and re-allege the allegations set forth above herein.

36. Defendants provided Plaintiffs with false, misleading, and deceptive statements concerning their intention to perform the MCA consulting services required under the Consulting Agreement.

37. Defendants intentionally misled Plaintiffs into believing that Defendants would provide MCA consulting services in order to induce them into wiring $300,000 for said services.

38. Defendants failed to disclose to Plaintiffs that it had no intention of providing consulting services, even though Defendants knew that they had no intention of doing so.

39. Rather, Defendants seized an opportunity to take advantage of an elderly man who was doing everything in his power to help the company he founded nearly fifteen years survive.

40. Plaintiffs were proximately and directly damaged due to Defendants' intentional misrepresentation and fraudulent scheme.

41. For these reasons, Defendants are liable to Plaintiffs for under the Texas Trade Deceptive Practices Act, with full damages to be determined at trial, but in no event less than $300,000.00 plus attorneys' fees and cost.

42. Defendants' conduct was willful, wanton and outrageous, warranting treble damages.

**SECOND CAUSE OF ACTION**
**(Violation of Texas Theft Liability Act)**
**Tex. Civ. Prac. & Rem. Code § 134.001 – 134.005**

43. Plaintiffs repeat and re-allege the allegations set forth above herein.

44. Binder Science has a possessory right and interest in its company funds and assets, including, naturally, the funds situated in its banking accounts used for Binder Science's business.

45. As detailed above, Defendants defrauded Plaintiffs out of $300,000.00 on or around August 4, 2023 via online domestic wire transfer.

46. Defendants refused to provide any MCA consulting services as per the Consulting Agreement.

47. After Defendants refused to provide services or respond to Plaintiffs' requests to do so, Plaintiff engaged two separate attorneys between 2023 to 2025 to send demand letters, both of which went unanswered.

48. As of the filing of this Complaint, the MCA consulting services have not yet been performed nor have funds been returned.

49. Defendants have ceased communications with Plaintiffs.

50. Plaintiffs were proximately and directly damaged due to Defendants' intentional misrepresentation and fraudulent scheme.

51. For these reasons, Defendants are liable to Plaintiffs for under the Texas Theft Liability Act with full damages to be determined at trial, but in no event less than $300,000.00 plus attorneys' fees and cost.

52. Defendants' conduct was willful, wanton and outrageous, warranting punitive damages.

**THIRD CAUSE OF ACTION**
**(Fraudulent Inducement)**

53. Plaintiffs repeat and re-allege the allegations set forth above herein.

54. Defendants' misrepresentations as set out above were made with the intent to induce Plaintiffs to enter into the Consulting Agreement and to steal $300,000 from them.

55. But for Defendants' misrepresentations, Plaintiffs would not have entered into the Consulting Agreement underlying this suit or have wired Defendants $300,000 for the aforementioned MCA consulting services.

56. Defendants knew that they were not going to provide any MCA consulting services to Plaintiffs and only indicated they were going to so Plaintiffs would enter into the Consulting Agreement above and provide Defendants with $300,000.

57. Defendants' failure to disclose this material fact was misleading to Plaintiffs.

58. Defendants had a duty to make full disclosure under applicable law.

59. Plaintiffs were proximately and directly damaged due to Defendants' intentional misrepresentation and fraudulent scheme.

60. Defendants are liable to Plaintiffs for their misrepresentations to Plaintiffs, with full damages to be determined at trial, but in no event less than $300,000.00 plus attorneys' fees and costs.

61. Defendants' conduct was willful, wanton and outrageous, warranting punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment in their favor against Defendants, jointly and severally, and seek an Order:

a) Awarding compensation, direct, consequential damages, treble, and punitive damages including prejudgment interest, in an amount no less than $300.000;

b) Requiring Defendants to pay Plaintiffs' attorneys' fees and costs; and,

c) Any further relief deemed appropriate by the Court.

Dated: August 27, 2025

**HESKIN & PROPER, PLLC**

By: ____________________
Shane R. Heskin
800 Westchester Ave., Suite 641N
Rye Brooke, New York 10573
(917) 362-1313
shane@heskinproper.com
*Attorney for Plaintiffs*