HP
HESKIN & PROPER, PLLC
641 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone 407-403-5990

Shane R. Heskin, Esquire
Shane@heskinproper.com

Justin E. Proper, Esquire
Justin@heskinproper.com

August 11, 2026

**TO:** Hon. Vera M. Scanlon
Chief United States Magistrate Judge
United States District Court
Eastern District of New York

**Re: Binder Science, LLC, et al. v. HIG Associates, LLC, et al.**
**Case No. 1:25-cv-04783 (NGG) (VMS)**

Dear Chief Magistrate Judge Scanlon:

Plaintiffs respectfully submit this letter-motion concerning Defendant HIG Associates, LLC's ("HIG") failure to comply with the Court's March 30, 2026 Order and Defendants' continuing failure to participate in this litigation. Plaintiffs also respectfully request that the Court direct the Clerk to enter default against HIG pursuant to Federal Rule of Civil Procedure 55(a) and Local Civil Rule 55.1, or alternatively authorize Plaintiffs to proceed with a request for a Clerk's Certificate of Default, and establish a schedule permitting discovery to proceed as to the remaining Defendant.

On March 30, 2026, the Court granted Defendants' prior counsel's motion to withdraw. ECF No. 21. In doing so, the Court stayed discovery until May 8, 2026, and expressly ordered that "an attorney must appear on behalf of HIG Associates, LLC" by that date. The Court further directed the parties to file a new joint proposed discovery schedule and a joint letter regarding mediation on or before May 22, 2026.

No attorney appeared on behalf of HIG by the May 8 deadline. Based on Plaintiffs' communications with Defendants since the withdrawal of prior counsel, Plaintiffs have nevertheless made repeated efforts to determine whether Defendants intended to retain substitute counsel and participate in this action.

For a period of several months following withdrawal of prior counsel, Plaintiffs received no substantive communication from Defendants. Plaintiffs thereafter spoke with Defendants by telephone on multiple occasions. During those conversations, Defendants represented that they had obtained or were obtaining new counsel but declined to provide Plaintiffs with the attorney's identity or contact information.

Subsequently, an attorney contacted Plaintiffs' counsel and represented that Defendants were contemplating bankruptcy. That attorney, however, has not entered an appearance in this action, and

Plaintiffs have not been provided with a bankruptcy case number, filing date, bankruptcy court, petition, or other information demonstrating that a bankruptcy proceeding has actually been commenced.

Most recently, on August 7, 2026, Plaintiffs again attempted to contact Defendants regarding the status of this action and received no response.

Thus, more than three months have elapsed since the Court-ordered May 8 deadline for HIG to obtain counsel, yet HIG remains unrepresented and has not participated in the litigation. This has also prevented Plaintiffs from meaningfully conferring with Defendants concerning a revised discovery schedule as contemplated by the Court's March 30 Order.

Although HIG previously answered the Complaint, Federal Rule of Civil Procedure 55(a) applies where a party has failed to "plead or otherwise defend." The Second Circuit has recognized that a defendant that initially appears but thereafter ceases defending an action may be subject to default. See *City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 129–30 (2d Cir. 2011). Moreover, a business entity may not proceed without licensed counsel, and default may be imposed where the entity fails to retain counsel after being ordered to do so. See *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308–10 (2d Cir. 1991); *Lattanzio v. COMTA*, 481 F.3d 137, 139–40 (2d Cir. 2007).

Here, HIG has failed to comply with the Court's express directive that counsel appear on its behalf by May 8, 2026. Plaintiffs therefore respectfully request that the Court direct the Clerk to enter default against HIG pursuant to Rule 55(a) and Local Civil Rule 55.1(b), or alternatively grant Plaintiffs leave to immediately seek a Clerk's Certificate of Default pursuant to Local Civil Rule 55.1.

Plaintiffs further respectfully request that the Court lift any remaining stay of discovery and permit discovery to proceed with respect to Defendant Yitzchok Gantz. To the extent Defendants contend that a bankruptcy proceeding now stays this action, Plaintiffs respectfully request that Defendants be directed promptly to provide the Court and Plaintiffs with the debtor's name, bankruptcy court, case number, chapter, and filing date.

Plaintiffs recognize that the filing of a bankruptcy petition may trigger the automatic stay under 11 U.S.C. § 362. To Plaintiffs' knowledge, however, no bankruptcy petition or notice of bankruptcy has been filed in this action, and Plaintiffs have not otherwise been provided information establishing the existence of a bankruptcy case.

Plaintiffs respectfully submit that permitting this action to remain indefinitely dormant would prejudice Plaintiffs, particularly where HIG has failed to comply with an express Court-ordered deadline and Defendants have not responded to Plaintiffs' repeated efforts to advance the case.

Accordingly, Plaintiffs respectfully request that the Court: (1) direct entry of default against HIG or permit Plaintiffs immediately to seek a Clerk's Certificate of Default; (2) permit discovery to proceed as to the remaining Defendant; (3) direct Defendants to provide the particulars of any bankruptcy proceeding that has actually been filed; and (4) establish such further discovery deadlines as the Court deems appropriate.

Respectfully submitted,

HESKIN & PROPER, PLLC
***/s/ Shane R. Heskin*** ____________
Shane R. Heskin