HP

HESKIN & PROPER, PLLC
641 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone 407-403-5990

Shane R. Heskin, Esquire
Shane@heskinproper.com

Justin E. Proper, Esquire
Justin@heskinproper.com

August 21, 2026

**VIA ECF**

Hon. Vera M. Scanlon
Chief United States Magistrate Judge
United States District Court
Eastern District of New York

**RE:** *Binder Science, LLC, et al. v. HIG Associates, LLC, et al.*, No. 1:25-cv-04783-NGG-VMS
Plaintiffs' Response to Defendants' Pre-Motion Conference Request (ECF No. 29)

Dear Chief Magistrate Judge Scanlon:

Pursuant to Section IV(A)(2)(a) of the Court's Individual Rules, Plaintiffs respond to Defendants' request for leave to file a dispositive motion and stay discovery. The request rests on an unauthenticated, facially irregular affidavit that Thomas Wentzler unequivocally denies signing or authorizing. It also fails at the threshold: fourteen months before the purported September 4, 2025 release, a Texas court placed every existing and future claim belonging to Wentzler and Binder Science, LLC in *custodia legis* and vested the receiver with exclusive power to settle and control those claims. Wentzler therefore could not release this action even if the signature were genuine. The Court should deny the proposed motion and stay, permit targeted discovery, and grant leave to amend if the evidence confirms fabrication or knowing use of a forged instrument.

## I. The Receiver Alone Had Authority to Settle or Release the Claims

The certified June 21, 2024 receivership order predates the alleged release by more than a year. It places within the receivership estate "any and all present and future causes of action and/or claims" belonging to Wentzler and Binder Science and provides that all such property is held in *custodia legis*. It further gives the receiver the power "to commence, maintain, settle and control any cause of action" that either respondent otherwise could have commenced, maintained, settled, or controlled. A June 3, 2026 order substituted David A. Fettner as receiver, conferred every power held by his predecessor, and left the earlier orders in full force. Copies of the receivership and substitution orders are submitted as Exhibits A and B.

Texas law treats that transfer of control as dispositive. Property placed in a receiver's custody may not be sold or otherwise disposed of without authorization from the receivership court; an unauthorized disposition is void. *See First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341–43 (Tex. 1976). The appointment order expressly places these claims in the receiver's custody and reserves settlement authority to the receiver. The alleged affidavit bears neither the receiver's signature nor approval from the Texas court. It cannot extinguish Plaintiffs' claims as a matter of law.

## II. The Docketed Copy Does Not Authenticate Itself, and the Proof Records Must Be Produced

Defendants bear the burden of authenticating the document they invoke. *See* Fed. R. Evid. 901(a). They have not done so. Wentzler denies signing, appearing before the online notary, authorizing any release, or receiving any settlement consideration. The PDF filed with Defendants' letter is not the original tamper-sealed Proof file: it contains no verifiable digital signature and no embedded document-level audit trail. Defendants also have not produced the notarial video, transaction-level audit trail, notary journal, identity-verification results, chat transcript, or communications that supposedly led to the transaction.

Proof's published procedures state that every completed notarization generates tamper-sealed document and transaction audit trails recording participant identities, location and verification events, signature application, and the notary's digital certificate. Florida law separately requires retention of an uninterrupted, unedited recording showing the principal's appearance, identity confirmation, document identification, voluntary-signature declaration, and signing. Fla. Stat. §§ 117.245(2), 117.255(1). An incomplete journal or recording may itself evidence fraud, forgery, impersonation, duress, incapacity, or undue influence. Fla. Stat. § 117.245(2)(f). Plaintiffs have subpoenaed Proof for these records.

Defense counsel's possession of an access code and PIN does not establish that Wentzler signed. Proof's procedures indicate that the completion email contains those credentials, but a transaction-creating organization and designated contacts also may access completed documents and recordings. Discovery must therefore identify who created the transaction, which email address and telephone number received the invitation and credentials, who controlled them, and what the audit trail and recording show. Counsel states only that Defendants' client supplied the credentials—making the missing chain-of-custody evidence more, not less, important.

## III. The Purported Release Is Facially Defective and Raises Serious Formation and Represented-Party Issues

The document is captioned in this action and dated only eight days after the Complaint, yet its first-page affiant line, Texas notarial block, and signature-date line are blank; a separate Florida online-notarial certificate appears on the next page. It states only that unspecified "disputes" were resolved "to my satisfaction" and recites "consideration of such resolution," without identifying any payment, performance, mutual release, or settlement term.

A release is construed under ordinary contract principles, including assent and authority. *See Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990). If Texas law governs the Texas resident's purported act, the absence of any identified exchange underscores the formation dispute. Even if Defendants invoke New York General Obligations Law § 15-303, that statute does not validate a forgery, create assent, confer settlement authority that a receivership order removed, or cure an unlawful circumvention of counsel.

The timing and litigation-specific language also require disclosure of who procured the document and how. Defendants knew Wentzler and Binder Science were represented in this action. Rule 4.2 bars a lawyer from communicating—or causing another to communicate—about the representation's subject with a represented person absent consent or authorization; lawyer-caused client contact requires advance notice to that person's counsel. 22 N.Y.C.R.R. § 1200.0, Rule 4.2(a)–(b). Plaintiffs do not prejudge who created or directed the Proof transaction. But a purported post-suit release obtained outside counsel cannot terminate discovery into its provenance.

## IV. Dispositive Relief and a Discovery Stay Are Improper

Defendants characterize their proposed application as a motion for judgment on the pleadings under Rule 12(e), but Rule 12(e) governs motions for a more definite statement; Rule 12(c) governs judgment on the pleadings. Either way, the extrinsic affidavit cannot resolve disputed facts on the pleadings. If considered, Rule 12(d) requires conversion and a reasonable opportunity to present pertinent material. *See*

*Global Network Communications, Inc. v. City of New York*, 458 F.3d 150, 154–56 (2d Cir. 2006). Summary judgment likewise is premature where the nonmovant has not had an opportunity to obtain evidence uniquely within the movant's or a third party's control. *See* Fed. R. Civ. P. 56(d); *Hellstrom v. U.S. Department of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000).

Defendants also show no good cause to stay discovery under Rule 26(c). The receiver's exclusive authority defeats the release, and authenticity presents a genuine factual dispute. The narrow discovery should include: (1) the original tamper-sealed Proof PDF; (2) all transaction identifiers and document- and transaction-level audit trails; (3) the audiovisual recording, chat transcript, and notary journal; (4) credential and identity-verification records; (5) sender, account-owner, contact, invitee, timestamp, IP, device, and location data; and (6) communications concerning the release's creation, execution, consideration, and use. *See Spencer Trask Software & Information Services, LLC v. RPost International Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

The document presented obvious reasons to verify the original and consult the alleged affiant before seeking dispositive relief: blank fields, missing audit material and recording, no identified consideration, and public receivership orders. Rule 11 requires a reasonable inquiry; client reliance suffices only when objectively reasonable. *See* Fed. R. Civ. P. 11(b); *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1329 (2d Cir. 1995). Plaintiffs do not presently seek sanctions; the proper first step is preservation, disclosure, and discovery. If the evidence confirms fabrication or knowing procurement or use, Plaintiffs request leave to amend under Rule 15(a)(2).

Plaintiffs therefore request that the Court deny leave to move, or defer any application until targeted discovery is complete; deny the stay; permit the Proof subpoena and limited discovery to proceed; and preserve Plaintiffs' right to amend upon receipt of the authenticity evidence.

Respectfully submitted,

**HESKIN & PROPER, PLLC**

Shane R. Heskin
*Counsel for Plaintiffs*