# EXHIBIT A

6/18/2024 3:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 88936644
By: taujhnae travis
Filed: 6/18/2024 3:04 PM
Pgs-17

APREX

**CAUSE NO. 2024-37330**

| | | |
|---|---|---|
| **DRAGON STONE ENERGY, LTD.,** | § | **IN THE DISTEICT COURT OF** |
| *Plaintiff/Judgment Creditor,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **BINDER SCIENCE, LLC and THOMAS HYNAN WENTZLER,** | § | **269TH JUDICIAL DISTRICT** |
| | § | |
| *Defendants/Judgment Debtors.* | § | |

**ORDER APPOINTING RECEIVER AND ORDER OF REFERENCE**

On this day, the Court considered the Application for Turnover After Judgment and Appointment of Receiver (the "Application") filed by Plaintiff Dragon Stone Energy, Ltd. ("Applicant"). After review of such Application, and any response thereto, as well as the papers on file, the Court is of the opinion that a Receiver should be appointed to take possession of and liquidate the assets of Defendants/Judgment Debtors, Binder Science, LLC and Thomas Hynan Wentzler ("Respondents").

**IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED** by this Court that:

**Eva Engelhart**
**Ross Banks May Cron & Cavin, P.C.**
**700 San Felipe St., Ste. 550,**
**Houston, Texas 77063**
**Phone: 713-626-1200**
**Email: eengelhart@rossbanks.com**

is hereby appointed Receiver in this case pursuant to the Texas Turnover Statute with the power and authority to take possession of and at Receiver's discretion liquidate any non-exempt property, real and personal, of Respondents necessary to pay judgments outstanding against Respondents, including, but not limited to:



Certified Document Number: 115066666 - Page 1 of 17

1. all documents or records, including financial records, related to such property that is in the actual or constructive possession or control of the Respondents;
2. all financial accounts (bank accounts), certificates of deposit, money market accounts, and lines of credit, held by any third-party;
3. all cash and accounts receivable, including, but not limited to, lease payments, notes receivable, promissory notes, drafts and checks, monies received by Respondent(s) in the form of checks, cash or credit card payments or receipts;
4. all capital stocks, bonds, securities, brokerage accounts, certificates of deposit, money market accounts, dividends, and all accounts held by any third party;
5. all real property (including investment property), deeds to real property, proceeds from the sale of real property, and income derived from real property, whether in the State of Texas or in a foreign state;
6. all titles to automobiles or other vehicles, including, but not limited to, cars, trucks, boats, planes, recreational vehicles, and so forth;
7. all safety deposit boxes or vaults and the contents therein;
8. all present or future rights to property;
9. all non-exempt interest in subsidiaries and/or affiliates, membership interests, partnership interests, limited liability company interests or other equity interests of each direct or indirect subsidiary of Respondent(s);
10. all leases, licenses, permits, royalties, patents, and trademarks belonging to Respondent(s);
11. all present and future contract rights, general intangibles relating to accounts, instruments, documents and chattel paper, and drafts and acceptances;



Certified Document Number: 115066666 - Page 2 of 17

12. all credit card receivables arising out of or in connection with the sale or lease of inventory or the rendition of services, and all supporting obligations, guarantees and other security therefor, equipment and fixtures, payment intangibles and all software;

13. all inventory, money, instruments and other property credited to any subsidiary and/or any subsidiary of such subsidiaries and cash and cash equivalents of any subsidiary;

14. all rights of payment which have been earned under contract rights, commercial tort claims (whether now existing or hereafter arising), insurance proceeds (including hazard, flood and credit insurance), security agreements, eminent domain proceeds, condemnation proceeds, tort claim proceeds and all supporting obligations;

15. all warehouse receipts and bills of lading, deposit accounts, goods and letters of credit,

16. all computers, computer software, computer programs, proceeds and products of the property, and leasehold interests;

17. all guarantor rights, title, and interest; merchandise returned or rejected relating to, or securing, any receivables;

18. any and all present and future causes of action and/or claims;

19. all other non-exempt assets; and

20. that all such property shall be held in *custodia legis* of said Receiver as of the date of this Order.

Receiver may use such assets to realize cash to pay the Respondents' Judgment creditor as described herein.



Certified Document Number: 115066666 - Page 3 of 17

The above-named Receiver shall have and exercise the following powers with respect to summoning witnesses and requesting documents:

1. order the production of documents, upon all matters pertaining to Respondents' compliance with this Order; the assets, location of assets, value of assets and all other financial matters pertaining to Respondents and

2. to put witnesses under oath and examine them himself/herself on oath.

It is further **ORDERED** that all third-parties in possession, or constructive possession, of assets, including, but not limited to cash and funds on deposit, documentation, property or information regarding Respondents, shall turnover or make available for turnover to the Receiver, said assets, including, but not limited to cash and funds on deposit, documentation, property or information; within a reasonable time; upon request from the Receiver and within the requirements of this Order Appointing Receiver and Order of Reference. Any information, documentation or financial information provided to the Receiver of a confidential nature shall not be disclosed or released by the Receiver unless necessary to carry out the intent of this Order. Should any third-party referenced herein fail to comply with this Order, the Court may impose the appropriate sanctions provided for by the Texas Rules of Civil Procedure after the proper application therefor, with notice and opportunity for hearing granted to any interested or affected party.

Respondents are hereby **ORDERED** to immediately turnover to the Receiver within five (5) days from each Respondent's receipt of a copy of this Order the documents contained on Exhibit 1 attached hereto, together with all other documents and financial records which may be requested by the Receiver from time to time.

Respondents are hereby **ORDERED** to turnover to the above-named Receiver at the address stated above, within five (5) days of Respondents receipt of a copy of this Order, all checks,



Certified Document Number: 115066666 - Page 4 of 17

cash, securities (stocks and bonds), interest in any business and/or partnerships, promissory notes, documents of title and contracts owned by or in the name of each Respondent.

Respondents are hereby **ORDERED** to appear in the Receiver's office on the date and at the time designated in writing by said Receiver and give such testimony as the Receiver shall require him to give concerning its/his assets, business, liabilities and financial situation.

If a Respondent claims that a particular account or asset is exempt, that Respondent must clearly mark on the documentation it provides to Receiver as required by the preceding paragraphs any claimed exemptions, and the basis for such exemption (or if the Respondent testifies to an asset Respondent claims is exempt to inform the Receiver in sworn testimony that Respondent claims an exemption for such asset). Because Texas law makes proving an exemption the burden of the debtor, Respondent must seek a ruling from the court as to any exemption that he/she/it asserts, and to which the Receiver does not expressly agree. Neither Respondent shall attempt to transfer or withdraw such assets or funds until a determination is made concerning the exempt status of such funds.

The Receiver is hereby authorized to take all action necessary to gain access to all storage facilities, safety deposit boxes, real property, and leased premises wherein any property of Respondents may be situated.

Respondents are hereby **ORDERED** to continue (until the Judgment in this cause is fully paid and/or settled, including Receiver's fees) to turnover to the Receiver at the Receiver's address all checks, cash, securities, promissory notes, documents of title and contracts within three (3) days from either Respondent's receipt and possession of such property, if, as and when the Respondent becomes in receipt and possession of any such property.

In addition to the powers of the Receiver set forth herein, the Receiver shall have the

following rights, authority and powers with respect to each Respondent's property: (1) the right, authority and power to collect all accounts receivable of Respondent; (2) the right, authority and power to enter and change locks to all premises at which any property is situated; (3) the right, authority and power to forward to the Receiver's address and open all mail directed to Respondents; (4) the right, authority and power to endorse and cash all checks, negotiable instruments payable to Respondent and deposit such instruments into financial institution; (5) the right, authority and power to hire a real estate broker to sell any real property and mineral interest belonging to the Respondent; (6) the right, power and authority to hire any person or company to move and store the property of Respondent; (7) the right, authority and power (but not the obligation) to insure any property belonging to the Respondent; (8) the right, power and authority to obtain from any financial institution, bank, credit union, or savings and loan any financial records belonging to or pertaining to the Respondent; (9) the right, authority and power to negotiate certificates of ownership in certificated securities, and/or vehicles, vessels, aircraft, equipment and trailers; (10) the right, power and authority to liquidate any and all financial accounts belonging to or in the name of Respondent; (11) the right, power and authority to commence, maintain, settle and control any cause of action including all postjudgment and prejudgment remedies and collection techniques which Respondent would have otherwise had the right to commence, maintain, settle or control and to hire counsel to pursue any such causes of action and collect any resulting judgment; (12) the exclusive right, power and authority to vote any shares of stock, membership interest, partnership interests or other business interests of Respondent; (13) where one or more of the Respondents is an entity, the exclusive right, power and authority to sign any orders, minutes or resolutions of shareholders, members, directors and/or managers authorizing any action of Respondent (or a company or corporation in which Respondent has an interest) requiring such resolution or signed minutes by Respondent's operating agreement, partnership



Certified Document Number: 115066666 - Page 6 of 17

agreement, by laws or other such agreement AND the exclusive right to sign any resolution or vote any membership interest/stock or partnership interest of Respondent; (14) the right to recover assets transferred by Respondent as defined in the Fraudulent Transfer Act (Tex.Civ.Prac&Rem.Code §24.001 et seq.) and (15) the right, power and authority to hire any person or company necessary to accomplish any right or power under this Order.

The Receiver may order any Consumer Reporting Agency, as defined by the Fair Credit Reporting Act ("FCRA") section 16 USC § 1681b(f), to provide consumer reports on Respondents, as allowed under FCRA § 1681b(a)(1). All Respondents are ordered to provide all authorizations needed to release the information.

Any Sheriff, Constable or Peace Officer, and their deputies, are hereby directed and ordered to assist the Receiver carrying out his/her duties and exercising his/her powers hereunder and prevent any person from interfering with the Receiver in taking control and possession of the property of Respondents. The Receiver is authorized to direct any Constable, Sheriff or authorized Peace Officer to seize and sell property under Writ of Execution.

It is further **ORDERED** that the Receiver and all persons acting under the direction of the Receiver shall be immune from liability for all actions taken by them to the extent such actions are permitted by this Order.

With respect to Internet sites, domains, telephones, etc.:

1. Passwords, PINs, and keys. Respondents are each ordered to deliver a list to the Receiver, within five days of receipt of a copy of this order, a copy of all keys, and a list of all personal identification numbers (PINs), passwords, and combinations for all bank accounts, websites, online bank accounts, with a clear list explaining what each key, PIN, etc., opens, where to locate the items to which the keys and PINs, etc., are related, and what is contained in the items to which the keys, PINs,



Certified Document Number: 115066666 - Page 7 of 17

etc., are associated.

2. Only the Receiver may change keys and codes. No key, password, PIN, etc., may be changed without the receiver's prior written consent.

3. Telephone numbers. The Receiver is authorized to redirect, lease, or sell all telephone numbers used by any Respondent in the conduct of a business.

4. Websites. The Receiver is authorized to seize, monitor, close, lease, renegotiate, or sell all websites, domain names, and e-mail addresses which any Respondent owns or controls, including all derivations of the names and addresses ("domain names"), for cash or by purchase money note or in any other manner deemed acceptable by the Receiver in his sole discretion, for prices deemed to be reasonable by Receiver, and on terms and conditions deemed to be reasonable by Receiver and subject to all liens.

5. Changing passwords. The Receiver is authorized to change the user identification, password and other access control restrictions of the sites, addresses and domains so that only the Receiver has access to the domain names and no one else is allowed access to the domain names.

6. Third party providers must assist the Receiver. All internet and domain providers shall assist the Receiver in the performance of his duties and change the access control restrictions to the domain name, so that only the Receiver can have access to the domain name, including providing Receiver with signed authorizations instructing domain and internet providers to fully cooperate with the Receiver.

7. Collecting payments due debtors. The Receiver has the right to collect all payments due to any Respondent under any lease, assignment, royalty or other agreement of the domain name. The lease, assignment, royalty or other agreement payments are



Certified Document Number: 115066666 - Page 8 of 17

to be paid by every user directly to the Receiver.

8. Right to enforce domain rights. The Receiver is authorized to enforce any lease or other agreement for the use of the domain name and that Receiver succeeds to all rights, powers and interests of any Respondent.

9. Receiver has the sole power over assets. Every Respondent named in this order is prohibited from re-letting, selling, assigning, or changing the ownership identification of the domain name or modifying or amending any lease agreement or any other agreement affecting the domain name without the Receiver's prior written consent.

10. Right to re-let. The Receiver has the sole right, but not the obligation, to re-let the domain name to a new user in the event the current user or any subsequent user stops using the domain name. Receiver may re-let the domain name for any reason and that Receiver may re-let the domain name on terms and conditions Receiver deems to be reasonable in Receiver�s sole discretion and without further order of this Court.

11. Receiver has no duty to protect any debtor or asset. Nothing in this order requires Receiver to maintain the domain name, be liable in any way to any user, any Respondent or any defendant in connection with the domain name, any lease agreement or asset, nor shall Receiver be required to pay any mortgage, lien or assessment, defend against any lawsuit, pay any tax or fee, maintain any insurance coverage or have any obligation except as specifically ordered.

**NOTICE TO THIRD PARTIES: YOU ARE HEREBY NOTIFIED THAT THE RECEIVER, TO THE EXCLUSION OF THE RESPONDENTS AND/OR DEFENDANTS, IS THE PARTY ENTITLED TO POSSESS, SELL, LIQUIDATE AND OTHERWISE DEAL WITH DEFENDANTS' NON-EXEMPT REAL AND PERSONAL PROPERTY. ONCE YOU HAVE RECEIVED NOTICE OF THIS ORDER, YOU MAY BE SUBJECT**



Certified Document Number: 115066666 - Page 9 of 17

**TO LIABILITY SHOULD YOU RELEASE ANY PROPERTY TO THE RESPONDENT OR ANY DEFENDANT, UNLESS OTHERWISE DIRECTED BY THE RECEIVER OR THIS COURT.**

It is further, **ORDERED** that a contingency fee is the only way that Applicant can afford a receiver to collect the judgment in this case. Respondents have not tried to pay the judgment in any meaningful way. The costs of proving an hourly fee are prohibitive. Competent and experienced receivers are rare and the time and effort required by a receiver to keep time, apply for fees, have hearings and the lag between filing for fees and being paid and that the fees earned would be at an ordinary rate but not be paid at the time of or shortly after rendering of services would inhibit the recruitment of experienced receivers. Given the often-high chances of little and sometimes even no recovery, contingent fees are the most economical fee schedule. Paying a receiver a contingent fee also saves the Court judicial resources. The costs of proving an hourly fee in court could easily exceed the value of the fee.

It is further, **ORDERED** that the above-named Receiver is DIRECTED and AUTHORIZED to pay to herself as Receiver's fees, an amount equal to 25% of all proceeds coming into her possession; which shall be taxed as costs against the Respondents, jointly and severally; which the Court finds is a fair, reasonable and necessary fee for the Receiver; and to distribute all remaining proceeds to the attorney for the Applicant, as Trustee, without the requirement of an Order therefore. To the extent the Receivership is closed without collection in Year 1 following the entry of this Order, Receiver will be entitled to invoice and collect from Applicant a fee of $5,000 ("Minimum Fee"). To the extent the Receivership is closed without collection in Year 2 following the entry of this Order, Receiver will be entitled to invoice and collect from Applicant an additional fee of $5,000 ("Supplemental Fee"). Except as stated above with regard to the Minimum Fee and Supplemental Fee, no Receiver's fees exceeding 25% of all proceeds coming into his/her possession shall be paid to the Receiver unless an Application is filed



Certified Document Number: 115066666 - Page 10 of 17

with and ruled upon by this Court, with notice and opportunity for hearing granted to Applicant and Respondents, and an Order is signed approving said fee application.

It is further, **ORDERED** that any postage, travel expenses or other advances and expenses and costs reasonably and necessary incurred in carrying out the terms of this Order of the Court shall be taxed against the Respondent as costs, and shall be collected by the Receiver from the Respondent which shall be in addition to those sums and amounts provided for in the judgment.

It is further, **ORDERED** that pursuant to TEX. CIV. PRAC. & REM. CODE Section 31.002, Applicant have and recover of and against Respondents, Judgment in the sum of $10,000.00 for additional attorney's fees.

It is further, **ORDERED** that this Order constitutes a Charging Order under the Texas Business Organizations Code and a lien upon the Respondent's partnership interest in any partnership and the Respondent's membership interest in any limited liability company. The Receiver has the right to receive any distribution to which the Respondent would be entitled from their partnership or membership interest.

The Receiver is ordered to post a bond in the amount of $100.00 payable to this Court and conditioned upon his/her faithful discharge of his duties in accordance with this Order. The Receiver shall take the oath of office prior to commencing any action under this order.

**If the debtor, judgment debtor or respondent referenced above is an individual, the following applies to that debtor, judgment debtor or respondent:** "Personal Property Rights of Judgment Debtor: Receiver must comply with Texas Rule of Civil Procedure 679b. Receiver to Hold Property: Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Judgment Debtor with the Notice of Protected Property Rights, the Instructions for Protected Property Claim Form, and the Protected Property Claim Form approved by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtor asserts an exemption, Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtor's written consent or a court order."



Certified Document Number: 115066666 - Page 11 of 17

SIGNED, this____ day of ____________________, 2024.

Signed: 6/21/2024

JUDGE PRESIDING

APPROVED AS TO FORM AND SUBSTANCE:

MOSAIC Paradigm Law Group PC

*/s/Henna Ghafoor*
HENNA GHAFOOR
State Bar No.: 24079867
hghafoor@mp-lg.com
10370 Richmond Avenue, Suite 850
Houston, Texas 77042
Telephone: (281) 805-7169
Facsimile: (281) 805-7172

Certified Document Number: 115066666 - Page 12 of 17

**EXHIBIT 1**
**DOCUMENTS TO BE PRODUCED**

1. The last twelve months of bank statements from each and every account at any bank, credit union, thrift, financial institution and Savings and Loan Association, brokerage firm other financial institution, that is owned by Respondent, or for which Respondent is an authorized signer.

2. Titles and bills of sale to all automobiles, airplanes, boats, motorcycles, trailers, trucks, and other such vehicles owned by Respondent at any point in the past five years.

3. Titles and bills of sale to all equipment of any type owned by Respondent at any point in the past five years.

4. Stock certificates, bonds or other securities owned by Respondent in privately held or publicly traded companies or institutions at any point in the past five years.

5. Receipts for office furniture and all other personal property owned by Respondent at any point in the past five years.

6. All deeds, deeds of trust, land installment contracts, contracts for deeds, syndications, real estate investment trusts, partnership agreements, easements, rights of way, leases, rental agreements, documents involving mineral interests, mortgages, notes and closing statements relating to all real property in which Respondent has had an ownership or leasehold interest during the last five years.

7. All current residential and commercial leases to which Respondent is a party.

8. Any and all certificates of deposit or money market certificates owned by Respondent at any point in the past five years.

9. Any and all promissory notes payable in whole or in part to Respondent at any point in the past five years.

10. Any and all minute books, ledger, corporate records and resolutions of Respondent or any entity in which Respondent has had an interest at any point in the past five years.

11. The last five federal tax returns filed by Respondent and the last five state income tax returns filed by Respondent, including all schedules thereto, as well as any W-2, K-1s, or 1099s used in the preparation of such returns.

12. Any and all assumed name certificates under which Respondent has done or does business in the past five years.

13. Respondent's financial statements, balance sheets, income statements and cash flow statements prepared, viewed or created at any point in the past five years.



Certified Document Number: 115066666 - Page 13 of 17

14. All documents evidencing the transfer of any of Respondent's real or personal property of any type at any point in the past five years.

15. Any and all contracts to which Respondent is a party or under which Respondent has any present or future rights.



Certified Document Number: 1150666666 - Page 14 of 17

16. All financial instruments payable to the order of Respondent(s) and dated during the past five years, except payroll checks, which are limited to the last twelve months.

17. All legible copies of all financial statements prepared by or on behalf of Respondent within the last five years, including all such statements presented to any financial institution and/or any other party for the purpose of guaranteeing, securing or attempting to secure a loan or financial assistance of any kind any income statements and balance sheets or net worth statements produced in the ordinary course of business.

18. All documents and records showing all business holdings, partnerships (general, limited or otherwise), sole proprietorships, trusts, corporations, joint ventures, limited liability companies, and any other business organizations of every kind in which Respondent has, or has had, an ownership or net profits interest in the past five years.

19. All policies of insurance, active and terminated, in the current year and five calendar years prior to the current year whether life, health, auto, disability, homeowners, personalty or otherwise, of which Respondent is the owner, beneficiary, insured, heir to the proceeds, beneficiary of existing or identified trust funded by insurance proceeds.

20. All certificates of title for firearms, deer stands, atvs, boats, trailers, and motors, documentation regarding hunting or fishing leases or rights to time share units or the use of property, tickets to events, like ballet or sporting events, proof of spa or club memberships, current licenses, receipts, bills of sale and loan documents for all motor vehicles and farm equipment, including automobiles, trucks, motorcycles, recreational vehicles, boats, trailers, airplanes and other motorized vehicles and equipment owned by Respondent or in which Respondent has and had any interest in the last five years.

21. For every trust of which Respondent is a trustee, joint trustee, beneficiary, settlor or trustor which received, conveyed, transferred, assigned, created any options to purchase, or disposed of any interest in real property or personal property in any manner during the last five years, furnish documents evidencing the manner of disposition and the consideration received or to be received, as well as all documents showing all evaluations of Respondent's interest, share of principal and income and documents showing the principal and income allocated to Respondent whether or not distributed during the last five years.

22. All documents and records of all safe deposit boxes maintained by Respondent and to which Respondent has had access, or has a claim, right or interest in, including a list of all contents therein in the last five years. Identify the location of all the safe deposit boxes and deliver the keys to the receiver.

23. All documents constituting and describing Respondent's accounts receivable, whether or not collected, during the last five years.

24. All documents identifying the accounts receivables of all businesses which Respondent owns and in which Respondent had an interest in the last five years, and a copy of all collected,

Certified Document Number: 115066666 - Page 15 of 17

offset, credited, uncollected, discounted, assigned, pledged and exchanged accounts receivables for the last five years.

25. All appraisals, valuations, or estimates of value received in the past five years relating to any real or personal property owned by Respondent.

26. All inventories or lists of real or personal property owned by Respondent during the last five years, and any documents reflecting the value of any such listed items.

27. All travelers' checks, cashier's checks, money orders, drafts and draws, that were received, cashed or purchased within five years.

28. All copies of the current inventory and all past inventories, accounts receivable of all ongoing businesses which Respondent owns and had an interest and copies of all collected, offset, credited, uncollected discounted, assigned, pledged and exchanged accounts receivable of all businesses owned by Respondent and in which Respondent has and had an interest in the last five years.

29. All contracts in which Respondent is a party or has or had a beneficial interest, including all earnest money contracts, construction contracts and sales agreements in which Respondent is due a commission or other remuneration for the last five years. If Respondent is presently under the terms of any written employment contract or agreement or is due any remuneration under any past contract or agreement, furnish a copy of the contract or agreement.

30. All minute books, ledgers, corporate records and resolutions pertaining to Respondent or pertaining to any corporation or business in which Respondent has had an interest in the past five years.

31. All leases to which Respondent is a party where the tenant is still in possession of the property subject to the lease.

32. Each rent payment received by the Respondent during the last ninety (90) days before the signing of the order appointing receiver.

Certified Document Number: 115066666 - Page 16 of 17

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Angelica Guerrero on behalf of Henna Ghafoor
Bar No. 24079867
aguerrero@mp-lg.com
Envelope ID: 88936644
Filing Code Description: No Fee Documents
Filing Description: Ex Parte Application for Turnover after Judgment and for Appointment of Receiver
Status as of 6/18/2024 3:38 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Henna Ghafoor | | hghafoor@mp-lg.com | 6/18/2024 3:04:59 PM | SENT |
| Angelica Guerrero | | aguerrero@mp-lg.com | 6/18/2024 3:04:59 PM | SENT |

Certified Document Number: 115066666 - Page 17 of 17

I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this June 25, 2024

Certified Document Number: 115066666

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**